UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 4:13 CR 00512 ERW |
| vs. | ) | |
| | ) | |
| JEFFREY WITT, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE
PRESENTENCE INVESTIGATION REPORT**

Comes now the United States of America, by and through Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Hal Goldsmith, Assistant United States Attorney for said District and, and for its Response to Defendant's Objections to the Presentence Investigation Report (doc. 43), states to this Honorable Court as follows:

1.     Defendant first objects to Paragraph 24 of the Presentence Investigation Report (PSR), which reflects that during August, 2013, defendant forged a client's signature on two settlement checks, deposited the checks into his IOLTA account, and spent these funds on personal expenses.   The information contained within paragraph 24 is accurate.   Defendant was retained by S.D. relative to a flooding incident in S.D.'s basement.   S.D. retained defendant to file a lawsuit against the City of St. Peters.   Instead, and without S.D.'s knowledge, defendant Witt simply filed two insurance claims with S.D.'s homeowner's insurance company, American Family Insurance, and did not file the lawsuit against the city.   On April 18, 2013 American Family issued a check to S.D. in the amount of $2,037.29, and on May 20, 2013, American Family issued a check to S.D. in the amount of $5,000 in settlement of S.D.'s claims.

The checks were sent to defendant Witt on S.D.'s behalf. Defendant Witt never advised S.D. that he had received the settlement checks, and on or about August 8, 2013 defendant Witt caused S.D.'s signature to be forged on the two checks, and deposited the two checks into his own IOLTA account. Defendant then used the funds from these two checks for his own personal expenses. S.D. did not receive any of the funds from these two settlements, and was not aware of the settlement checks until she spoke with a neighbor, another one of Witt's client victims, and then checked with American Family Insurance and learned of the claims and settlements.

2. Defendant next objects to information contained within paragraph 25 of the PSR, concerning his misappropriation and theft of funds from the Louis A. Bunda Trust. Defendant Witt served as the Trustee over this trust. Defendant received $127,234.69 in trust funds on April 7, 2011 and deposited these funds into his IOLTA account. Through November 14, 2011, defendant issued $55,349.45 in checks from these trust funds to himself, and withdrew an additional $39,108.00 in cash from these trust funds. He also used these trust funds to make a $5,000 payment to L.M., a $5,000 payment to K.G., and a $5,000 payment to K.M., all unrelated to legitimate trust purposes and expenses, and the remaining $17,777.24 was used by Witt for personal expenses, again unrelated to the trust and legitimate expenses of the trust. In sum, defendant Witt raided this trust of all trust funds for his own personal uses and expenses, unrelated to legitimate trust purposes and expenses. On June 18, 2014, during an interview with the FBI, when asked about the Bunda trust funds, defendant Witt admitted that he had "dwindled it away", and admitted that he had used the trust funds for other than trust purposes. He also acknowledged paying T.S. funds from the trust, as well as others, all unrelated to the legitimate expenses of the trust. The information contained within paragraph 25 is accurate.

3.    Defendant objects to information contained within paragraphs 26 and 27 of the PSR as it specifically relates to his prior objections to the information related to S.D. and the Bunda Trust in paragraphs 24 and 25.   Again, the information in the PSR concerning victim S.D. and the Bunda Trust is accurate and, therefore, the summary information in paragraphs 26 and 27 is accurate.   Defendant also suggests that he cannot admit or deny the information in paragraph 26 concerning client/victim E.M.   E.M. retained defendant Witt to represent him concerning an issue with his mortgage company.   Unbeknownst to E.M., on May 25, 2012 defendant Witt received a $20,000 settlement check regarding E.M.'s claim.   E.M.'s signature was then endorsed on that settlement check by defendant Witt, and defendant Witt deposited the check into his IOLTA account.   Thereafter, defendant Witt spent those settlement funds on personal expenses and E.M. received nothing.   The information contained within paragraphs 26 and 27 is accurate.

4.    Defendant objects to paragraph 29 of the PSR, specifically as to the use of the term "fled" to describe defendant Witt's departure from the United States during October, 2013. At the time defendant fled the United States he was facing state criminal charges in St. Louis County, and he was aware of the ongoing federal criminal investigation.   He was arrested on Friday, March 7, 2014 at John F. Kennedy International Airport in New York City on an inbound flight from Istanbul, Turkey.   Based upon information and belief, defendant travelled to New York to meet with his longtime girlfriend, and he intended to return to Istanbul after the weekend.   The PSR's characterization of defendant as having fled the United States is accurate.

5.    Defendant objects to paragraphs 30, 37, and 45 based upon his prior objections. The government has responded to those objections, and submits that the information contained within paragraphs 30, 37, and 45 is accurate.

6.      As to defendant's objection to paragraph 55 of the PSR, the government defers to United States Probation on this issue concerning defendant's criminal history.

7.      Defendant objects to information contained within paragraph 56 of the PSR concerning statements he made to his mother. Those statements are accurate and go to the history and characteristics of this defendant. For defendant to even suggest that his mother would lie regarding these matters illustrates defendant's total lack of remorse for the crimes he has committed against her.

8.      Defendant objects to information contained within paragraph 59 of the PSR concerning verbal and physical threats he made to a former girlfriend, and the physical abuse he caused her. Those matters were appropriately reported by the former girlfriend to the Lone Tree, Colorado Police Department during November, 2013, and the information contained within the PSR is accurate and should be considered by this Court. These matters go to the history and characteristics of this defendant.

9.      Defendant objects to information contained within paragraph 60 of the PSR, again as to the use of the term "fled". The government has addressed this objection previously, and believes that the term "fled" is appropriate to describe defendant's conduct in this matter. The government has no position on where defendant Witt would reside upon his release from the Bureau of Prisons.

10.     Defendant objects to information contained within this paragraph as to his foreign travels after he fled the United States. During an interview with the FBI on June 18, 2014, defendant Witt admitted and acknowledged that he initially travelled to the Philippines, then travelled to Potts Point, Australia. During December, 2013 he travelled to Amman, Jordan, and

then to Istanbul, Turkey. For a period of time he travelled to and resided in Brighton, England, before returning to Istanbul, Turkey. The information in the PSR is accurate.

11.     Defendant generally objects to the Total Offense Level as contained in paragraph 93 of the PSR and the restitution calculation as contained within paragraph 105 of the PSR. The information contained within these paragraphs is accurate.

WHEREFORE, the United States of America prays that this Honorable Court deny and overrule defendant's objections to the PSR, and sentence defendant to an appropriate term of imprisonment, and for such other relief as this Court deems appropriate and just under the circumstances.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney


*s/Hal Goldsmith*
HAL GOLDSMITH #62501
Assistant United States Attorney
111S. 10th Street, Room 20.331
St. Louis, Missouri 63102
(314) 539-2200


## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

JoAnn Trog

/s/ Hal Goldsmith
HAL GOLDSMITH
Assistant United States Attorney