UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 4:13 CR 00512 ERW |
| vs. ) | |
| ) | |
| JEFFREY WITT, ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Comes now the United States of America, by and through Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Hal Goldsmith, Assistant United States Attorney for said District and, for its Sentencing Memorandum as to defendant Witt, states to this Honorable Court as follows:

1.  By any standard or measure, defendant Witt's criminal conduct calls for a significant prison sentence.  Application of the United States Sentencing Guidelines here advises a sentence of 27 – 33 months' imprisonment as to counts 1 and 3, followed by a consecutive term of 24 months' imprisonment as to count 2.  Anything less would ignore the extent of defendant's criminal conduct and the substantial harm defendants' conduct caused to the victims.

2.  Defendant Witt was a licensed and practicing attorney who preyed upon numerous of his legal clients though his deception and trickery.  These client victims had placed their trust in defendant in serious life situations where they found themselves in need of sound legal advice and assistance.  Defendant misrepresented the status of their cases, failed to advise

1

them of his actions in their cases, and ultimately stole and embezzled their much needed funds and settlements. In one victim's case, defendant not only abused his position of trust as counsel, but also violated his fiduciary duties as trustee in raiding a family trust in its entirety for his own personal uses and expenses. Defendant Witt also stands convicted of defrauding his own mother, and of stealing her identity in order to defraud a victim bank relative to a sham loan which placed his mother's home in jeopardy as collateral on the sham loan without her knowledge. Defendant Witt's criminal conduct was broad and substantial.

3. Title 18, United States Code, Section 3553(a) sets out the factors this Court should consider in fashioning an appropriate sentence. The first such factor to be considered is the nature of the offense, 18 U.S.C. 3553(a)(1). Despite the plethora of attorney jokes, attorneys are held in esteem in our society due to the years of training and education they undertake, and the rigorous licensing process they must go through before they can "hang out their shingle". Defendant Witt was a sole practitioner who enjoyed a healthy practice with a significant number of civil and criminal clients who placed their trust in him as their attorney. Defendant abused his position of trust with numerous of his legal clients by filing and settling cases without their knowledge, forging his clients' signatures on settlement checks, and spending those funds for his own personal benefit without the knowledge of those legal clients. He engaged in fraudulent conduct toward a number of his clients who depended upon his counsel in their times of need. Additionally, in one case he was designated as trustee of a family trust and, instead of carrying out his fiduciary obligations, he looted the trust of more than $100,000 for his own personal gain. Defendant's criminal conduct in defrauding his legal clients was substantial. Additionally, in an effort to obtain a substantial $100,000 loan, defendant defrauded and deceived his own mother and a commercial bank relative to defendant's obtaining

a loan collateralized by his mother's home without her knowledge or authority.    Defendant achieved this fraud through the recruitment of a female friend to impersonate his mother at the loan closing, and by stealing his mother's driver's license and her social security number. When his mother became aware of the fraudulent loan, and in order to avoid the attention of law enforcement, defendant Witt created a sham bank letter purportedly releasing the lien on her home, forging a bank officer's signature and falsely representing to her that the lien release had been filed with the appropriate recorder of deeds office.    It was only after defendant's mother learned of his additional deceit that the bank was made aware of the fraud and, ultimately, law enforcement was contacted.    It should also be noted that upon leaving the bank loan closing with $60,000 in funds derived through his fraud, defendant engaged in further criminal conduct by engaging in additional loan fraud at a local automobile dealer relative to the purchase and financing of a 2009 Audi A4 automobile, again directing his female friend to impersonate his mother in obtaining the automobile loan in his mother's name.    But for the female friend immediately getting "cold feet" and questioning defendant's criminal conduct, defendant might have continued with this fraud, instead of turning around and returning the automobile and rescinding that loan.    Defendant used the $60,000 he had obtained in proceeds from the sham bank loan collateralized by his mother's home for his own personal gain and expenses.    Aware of the ongoing federal criminal investigation, and facing unrelated state criminal charges, defendant elected to flee the United States during October, 2013, traveling to the Philippines, Australia, Jordan, England and, ultimately Istanbul, Turkey.    Through international law enforcement efforts in tracking defendant's travels, he was apprehended on a flight from Istanbul as he arrived in New York City expecting to spend the weekend with his longtime girlfriend, with plans to return to Istanbul at the end of the weekend.

Looking at the nature and circumstances of defendant's offenses under any imaginable standard, this Court should view them as serious offenses, requiring an appropriately serious punishment to include a significant period of imprisonment within the United States Bureau of Prisons.

4. This Court's sentence should also afford adequate deterrence to criminal conduct, 18 U.S.C. 3553(a)(2)(B). This Court should fashion a significant punishment not only to deter this defendant from future criminal conduct, but in order to deter other individuals in similar positions from committing similar crimes. Unfortunately, criminal conduct by licensed attorneys, including the embezzlement of client funds and fraud schemes aimed at their legal clients, such as the criminal conduct engaged in by defendant Witt here, is not as isolated as one would hope. One need only look to recent prosecutions here in the Eastern District of Missouri and elsewhere involving attorneys as defendants, as well as the number of attorney suspensions and disbarments for like conduct, to grasp the significance of these types of crimes to our society, and the need for adequate punishment to deter these type of defendants and others who would prey on some of society's most vulnerable. Some, like this defendant, believe they can steal, embezzle, and defraud without facing any consequences if caught. It is a risk they choose to take, and it is a risk that should result in significant consequences in order to provide an adequate deterrent effect. The government submits that a significant prison sentence in this case will have that desired deterrent effect.

5. Defendant has an advisory guideline sentence under the United States Sentencing Commission Guidelines of 27 – 33 months in prison as to counts 1 and 3, followed by 24 months in prison consecutive as to count 2. The government submits that there is absolutely no basis whatsoever in the law or the underlying facts and circumstances here that would justify a

downward variance to a sentence less than the advisory guideline sentence.  It is the government's position that justice and fairness require an appropriate sentence of imprisonment in this case.  As a direct result of defendant's criminal conduct, the adverse impact upon the victims has been substantial.  This defendant should be held accountable for his criminal conduct by an appropriate prison sentence; the victims deserve it, and fairness and justice require it.

6.      Only a significant prison sentence will adequately reflect the seriousness of the offenses, promote respect for the law, and provide just punishment for defendant's criminal offenses as is required by 18 U.S.C. 3553(a)(2)(A).

WHEREFORE, the United States of America prays that this Honorable Court sentence defendant to appropriate terms of imprisonment within the advisory guideline range, without a downward variance, and for such other relief as this Court deems appropriate and just under the circumstances.

    Respectfully submitted,

    RICHARD G. CALLAHAN
    United States Attorney


    */s/Hal Goldsmith*
    HAL GOLDSMITH #62501
    Assistant United States Attorney
    111S. 10th Street, Room 20.331
    St. Louis, Missouri 63102
    (314) 539-2200

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 10, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

      JoAnn Trog.

                                        */s/ Hal Goldsmith*
                                        HAL GOLDSMITH
                                        Assistant United States Attorney